UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SYLVESTER MILLER,

    Plaintiff,

v.                                  CASE No. 8:07-CV-2074-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

### I.

The plaintiff, who was forty-eight years old at the time of the administrative hearing and who has a high school education, has worked at motels either doing laundry or maintenance, and has worked as a pipe layer (Tr. 94, 111). He filed a claim for Social Security disability benefits, alleging

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 18).

that he became disabled due to back and hip problems with discs in his back that are "messed up" (Tr. 105). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of a back disorder and morbid obesity (Tr. 19). He concluded that these impairments limited the plaintiff to the full range of sedentary work (Tr. 26). The law judge determined further that this limitation precluded the plaintiff from returning to past work (id.). However, the law judge decided, upon consideration of the plaintiff's age, education and residual functional capacity, that the medical-vocational guidelines directed a finding that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental

impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The administrative law judge decided the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims. See 20 C.F.R. 404.1501 et seq. Those regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. Those factors are codified in

tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

### III.

The plaintiff challenges the law judge's use of the grids, contending that he should have obtained the testimony of a vocational expert. "Exclusive reliance on the grids is not appropriate either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985). That principle was not violated here with respect to the residual functional capacity found by the law judge. Thus, the law judge found that the plaintiff could perform the full range of sedentary work and had no significant non-exertional impairments.

The plaintiff's argument on this issue is, in essence, not that the law judge, in light of his determination of the plaintiff's residual functional

capacity, erred in using the grids, but that he erred in his determination of the plaintiff's residual functional capacity. The plaintiff expressly makes this contention in his third issue. The plaintiff's challenges to the finding of his residual functional capacity are unpersuasive.

The plaintiff asserts that his allegations of pain preclude the use of the grids (Doc. 21, p. 8). Contrary to the plaintiff's contentions, pain is not always a non-exertional impairment. The regulations explain that pain can be an exertional limitation, a non-exertional limitation, or a combination of both. 20 C.F.R. 404.1569a(a).

In this case, pain appears to be primarily an exertional impairment. Thus, it mainly affects the plaintiff's ability to do such activities as stand, walk, sit, carry, and lift. See 20 C.F.R. 404.1569a(b). While pain can be a non-exertional impairment to the extent that it interferes with an individual's ability to concentrate or maintain attention, 20 C.F.R. 404.1564a(c), the plaintiff at the hearing did not testify to any such problem.

The law judge appropriately took into account exertional limitations of pain by restricting the plaintiff to sedentary work. The plaintiff has not pointed to any evidence (except his own discounted testimony) that establishes a greater exertional limitation. In other words, the law judge

appropriately considered the exertional limitation of pain and reasonably concluded that it did not preclude the plaintiff from performing the full range of sedentary work. This conclusion, moreover, is consistent with the use of the grids.

As relevant to non-exertional limitations of pain, the law judge found that the plaintiff had only mild limitations of maintaining concentration, persistence or pace (Tr. 22). The plaintiff has made no attempt to show that there is evidence indicating a greater limitation. Indeed, as previously noted, the plaintiff did not testify to any limitation in concentration. Accordingly, the law judge clearly did not err in determining that the plaintiff did not have a significant non-exertional impairment, whether caused by pain or something else. Again, this determination is consistent with the use of the grids.

The plaintiff also questions the use of the grids because there is some suggestion that the plaintiff should avoid concentrated exposure to hazards (Doc. 21, p. 8). This hint of a contention is meritless because the law judge did not find that the plaintiff has a limitation with respect to concentrated exposure to hazards. Moreover, the evidence does not compel a finding that the plaintiff has such a limitation. No treating or examining

physician has stated a limitation of that nature. There are three physical residual functional capacity forms in the record, two of which indicate no environmental limitations, including hazards (Tr. 212, 349), and one of which opines a limitation of avoidance of concentrated exposure to hazards (Tr. 291). As the plaintiff points out, it is not clear that these forms were even completed by medical consultants (Doc. 21, p. 6). In all events, a single form by a nonexamining reviewer of some sort certainly does not compel a finding of a limitation regarding hazards, particularly since two reviewers have opined that there was no such limitation.

Furthermore, even if the law judge had found that the plaintiff should avoid concentrated exposure to hazards, that would not preclude the use of the grids. As the Commissioner points out (Doc. 22, pp. 6-7), Social Security Ruling 96-9p explains that "few occupations in the unskilled sedentary occupational base require work in environments with ... unusual hazards," so that "[e]ven a need to avoid all exposure to these conditions would not, by itself, result in a significant erosion of the occupational base." Social Security Ruling 96-9p, 1996 WL 374185 at *9 (S.S.A. July 2, 1996). A fortiori, a limitation against concentrated exposure to hazards would not significantly erode the occupational base of unskilled sedentary work.

-8-

The plaintiff, similarly, hints at, but does not meaningfully develop, a contention that the grids could not be used due to postural limitations (Doc. 21, p. 8). This contention, like the last one, is properly rejected because it does not comply with the requirement in the scheduling Order that contentions be supported by citations to the record of the pertinent facts (Doc. 16, p. 2).

Regardless, the use of the grids is not precluded by postural limitations because the law judge did not find any postural limitations, nor was he compelled to make such a finding. Again, no treating or examining physician imposed, or opined, any postural limitations.

While the three nonexamining reviewers (of uncertain qualifications) opined in their forms mostly that the plaintiff was limited to certain postural activities only occasionally (Tr. 210, 289, 347), they did so in connection with their opinions that the plaintiff could perform light work (Tr. 209, 288, 346). The law judge rejected those opinions of light work, finding that the plaintiff was restricted to sedentary work. Having discounted the reviewers' opinions regarding light work, he could reasonably discount their opinions concerning postural limitations, particularly since no treating or examining physician had imposed, or opined, such limitations.

Case 8:07-cv-02074-TGW Document 23 Filed 01/06/09 Page 10 of 15 PageID 83

Furthermore, Social Security Ruling 96-9p explains that postural limitations would not significantly erode the occupational base for unskilled sedentary work, with the one exception of a complete inability to stoop. Social Security Ruling 96-9p, 1996 WL 374185 at *7-*8. No one has asserted here that the plaintiff has a complete inability to stoop. Thus, not only does the evidence fail to compel a finding of any postural limitation, but, even if there were such a limitation, that circumstance would not preclude the use of the grids.

For these reasons, the plaintiff's challenge to the law judge's determination of the plaintiff's residual functional capacity is meritless. The plaintiff has not identified any evidence in the record that compels a different finding.

Furthermore, since the determination of the residual functional capacity is supported by substantial evidence, the plaintiff's challenge to the use of the grids also fails. The law judge found that the plaintiff could perform the full range of sedentary work and had no significant non-

exertional limitation. Under these circumstances, the use of the grids was proper. Francis v. Heckler, supra.[2]

The plaintiff's remaining argument is that the law judge erred in rejecting the plaintiff's complaints of pain (Doc. 21, pp. 9-10). The law judge, however, did not completely reject the plaintiff's subjective complaints. The law judge accepted those complaints to the extent they limited the plaintiff to sedentary work. The law judge only rejected the allegation that the pain was totally disabling. That finding is not erroneous.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

---

[2]It is noted that the plaintiff turned fifty last June. Accordingly, that places the plaintiff in a more advantageous position under the grids. See Rule 201.12, 20 C.F.R. Part 404, Subpart P, App. 2. Since the plaintiff's insured status extends to 2010 (Tr. 26), it would be surprising if the plaintiff has not filed a new application already.

If the law judge determines that, under this test, there is objectively determined medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge in this case recognized the need to articulate a credibility determination and referred to the law governing such determinations (Tr. 20-21, 24). He thereby demonstrated that he applied the Eleventh Circuit pain standard. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

The law judge, moreover, complied with the standard by providing a lengthy explanation for his conclusion that, while the plaintiff's impairments could reasonably be expected to produce the alleged symptoms, the plaintiff's statements concerning the effects of those symptoms were not entirely credible. Thus, the law judge explained (Tr. 23-24):

> The claimant has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. Additionally, although the claimant has received treatment for the allegedly disabling

impairment(s), that treatment has been essentially routine and/or conservative in nature. Moreover, the claimant has been prescribed and has taken appropriate medications for the alleged impairments, which weighs in the claimant's favor, but the medical records reveal that the medications have been relatively effective in controlling the claimant's symptoms. Finally, although the claimant has alleged various side effects from the use of medications, the record indicates generally that those side effects are mild and would not interfere with the claimant's ability to perform work activities in any significant manner.

Given the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by the treating doctor. Yet a review of the record in this case reveals no restrictions recommended by the treating doctor.

While it is reasonable to conclude that the claimant should have some pain and/or limitations as a result of the effects of a back pain, the evidence as a whole does not substantiate any cause for such debilitating pain, as described by the claimant, which would preclude all work activity. The record fails to show that the claimant has required significant forms of treatment such as surgery, periods of hospitalization, emergency room treatment, nor does the record show such a marked diminished range of motion or muscle atrophy as would accompany the alleged disability.

The Administrative Law Judge considered the claimant's subjective complaints in light of Section 404.1529 of the Regulations. As required by that

section, both medical and "other" evidence were considered. However, after considering all the factors set out in that section of the regulations, the undersigned finds that the claimant's subjective complaints are not fully credible considering the claimant's own description of his activities and lifestyle, the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documentary reports, the claimant's demeanor at hearing, the reports of the treating and examining practitioners, the medical history, the findings made on examination, and the claimant's assertions concerning his ability to work.

This explanation was adequate, reasonable and supported by substantial evidence. There is certainly nothing in the plaintiff's argument that compels a contrary conclusion (see Doc. 21, pp. 9-10).

It is, therefore, upon consideration,

ORDERED:

That the Commissioner's decision, which is supported by substantial evidence and contains no reversible error, is hereby **AFFIRMED**.

The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 6th day of December, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE